# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RICHARD MONTGOMERY,**

      Petitioner,

v.

**Civil Action No.: 3:16-CV-56 (GROH)**

**JOE COAKLEY,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 29, 2016, Robert Montgomery ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Western District of Texas. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied.

### II. BACKGROUND[1]

**A. Conviction and Sentence**

On June 17, 2008, a two-count information[2] was filed against Petitioner in the

---

[1] **Throughout this section, all ECF numbers refer to entries in the docket of Criminal Action No. 5:08-cr-00387-OLG Western District of Texas, unless stated otherwise.**

[2] Count One charged Petitioner with Armed Bank Robbery in violation of 18 U.S.C. 2113 (a) and (d); and Count 2 charged him with Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. 924(c)(1).

United States District Court for the Western District of Texas. ECF No. 1. Petitioner signed a plea agreement[3] on June 17, 2008 [ECF No. 7], and signed a waiver of indictment on June 18, 2008. ECF No. 12. A plea hearing was conducted by a Magistrate Judge on June 18, 2008 [ECF No. 10], and on that same date, a memorandum and recommendation was entered recommending that the guilty plea be accepted. ECF No. 15. On September 21, 2009, Judgment was entered sentencing Petitioner to 178 months imprisonment on Count One and 84 months imprisonment on Count Two to be served consecutively. The sentence was to run concurrently with the sentences imposed in SA-95-CR-375 (1)-OLG and SA-97-CR-12 (1)-OLG with credit for time served while in custody. ECF No. 33.

Thereafter, Petitioner filed a *pro se* appeal with the Fifth Circuit on September 9, 2009. ECF No. 31. On appeal, Petitioner claimed that the government breached the plea agreement and that the district court plainly erred by imposing a career offender enhancement. After reviewing the plea agreement and the sentencing hearing transcript, the government agreed with Petitioner's requests that his convictions be vacated and that he be allowed to withdraw his guilty plea. Although the Government strongly disagreed with Petitioner's contention that the government impermissibly breached the plea agreement, a review of the plea agreement, the Rule 11 colloquy, and the sentencing hearing reflected that the parties had a material misunderstanding regarding the terms of the plea, namely, whether Petitioner would be sentenced as a career offender, and the likely sentence he would receive. The Government noted that

---
[3] Although the plea agreement is not available electronically, it is clear from the Judgment and Commitment that Petitioner pleaded guilty to Counts One and Two of the information. ECF No. 33 at 1.

2

this misunderstanding was evidenced, in part, by the sentencing hearing where both defense counsel and counsel for the government appeared to agree that Petitioner was a career offender warranting application of U.S.S.G. § 4B1.1 instead of U.S.S.G. §2B3.1. However, as Petitioner argued, a plausible reading of the plea agreement appears to require the government to argue for application of U.S.S.G. § 2B3.1 regardless of the parties understanding at sentencing. Therefore, under these facts, the Government requested that Petitioner's convictions be vacated and that he be allowed to withdraw his guilty plea. Case 09-50809, Doc. 00511530396. On July 26, 2011, the Fifth Circuit granted the Government's unopposed motion to vacate the judgment of the District Court and remanded the case. Id. at 00511551099.

On September 13, 2011, a Superseding Indictment was returned against Petitioner charging him with three counts of Bank Robbery in violation of 18 U.S.C. § 2113 (Counts One, Three and Five) and three counts of Use of a Firearm in a Crime of Violence in violation of 18 U.S.C. § 924(c) (Counts Two, Four and Six). ECF No. 65. On July 19, 2012, Petitioner pleaded guilty to Counts Five and Six of the Superseding Indictment. On July 30, 2012, Petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 months on Count Five and 84 months on Count Six to be served consecutively with credit for time served while in custody. ECF No. 139.

In support of his 2255 Motion, Petitioner argued that: (1) he was not indicted for the offenses he pleaded guilty to: (2) his conviction for carrying and use of a firearm was "constitutionally invalid" and inconsistent because he was also charged with unarmed bank robbery; (3) the indictment was constructively amended; (4) the superseding

indictment and increase of a sentence were the result of prosecutorial vindictiveness; (5) his appeal waiver was invalid because he did not sign the amended plea agreement; (6) his counsel was ineffective for: coercing him to plead guilty, advising him to plead guilty when his plea was unknowing and involuntary, failing to challenge the firearm count as inconsistent with the unarmed bank robbery charge, and failing to object to constructive amendment of the indictment; and (7) the District Court erred in finding his prior convictions qualified for an upward departure where he did not admit to those offenses. ECF No. 172 at 1-2. On June 26, 2014, Orlando L. Garcia, United States District Judge denied and dismissed Petitioner's § 2255 motion. Id. at 5.

In reaching his decision, Judge Garcia found that in the Plea Agreement signed by Petitioner and his counsel, and at the plea hearing, Petitioner acknowledged he wished to plead guilty to bank robbery in violation of § 2113(a) and use of a firearm during a crime of violence in violation of § 924(c). Moreover, Petitioner acknowledged he understood the applicable penalty for the former offense was a maximum of 25 years, and for the latter offense was seven years to life imprisonment. Petitioner admitted that on June 5, 2008, he robbed the Laredo National Bank in San Antonio of approximately $3340 by threatening the teller with a .38 revolver. Petitioner affirmed he understood his sentence would be determined by the Court in accordance with the Sentencing Guidelines. He also acknowledged by pleading guilty he waived his right to appeal his sentence or challenge a sentence in a § 2255 motion. In exchange for Petitioner's guilty plea, the Government agreed not to oppose a reduction of the offense-level Guideline range for his acceptance of responsibility. Judge Garcia also noted that Petitioner's primary claim was that the bank robbery count failed to allege he

4

was armed with a firearm, consequently, he argued that the indictment failed to allege an offense and his counsel was ineffective for failing to raise the issue. However, Judge Garcia noted that this issue was waived pursuant to the guilty plea, and in any event was without merit. Judge Garcia noted that the Indictment charged that on April 8, 2008, Petitioner engaged in bank robbery in violation of § 2113, when he "by force, violence and intimidation did take" approximately $3340.00 from the Laredo National Bank, a bank whose deposits are insured by the FDIC. Judge Garcia concluded that the Indictment gave Petitioner fair notice of the charge and tracked the language of the statute, and therefore stated a violation of § 2113 and satisfied due process. Finally, Judge Garcia found that Petitioner's claim that the court erred in finding his prior convictions qualified for an upward departure was procedurally barred because he could have raised this issue on a direct appeal. Moreover, Judge Garcia found that this claim was conclusory because he failed to present any facts that would support a claim that the Court erred, and thus he failed to state a claim under § 2255.

On July 28, 2014, Petitioner filed a Notice of Appeal. ECF No. 178. On April 20, 2015, the Fifth Circuit denied petitioner's motion for a Certificate of Appealability. ECF No. 186.

### III. <u>STANDARD OF REVIEW</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing

Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## IV. DISCUSSION

In support of his pending § 2241, Petitioner raises the following issues:

1. Whether he was convicted on two prior convictions upon which he was never indicted by the grand jury;
2. Count six, alleging violations of 18 U.S.C. S 924(c), is constitutionally invalid;
3. He was denied the effective assistance of counsel to which he was entitled under the Sixth Amendment;
4. The government altered and amended the indictment;
5. The superseding indictment and increase in sentence were prosecutorial vindictiveness;
6. His waiver of appeal was invalid based upon his failure to sign the amended

plea agreement;

7. The advice of his counsel was erroneous to such a great extent that it rendered the guilty plea involuntary, unknowing[], and unintelligent under the provisions of the Fifth Amendment; and

8. During his pre-Alleyne sentencing hearing, the district court erred in [finding] that his prior convictions qualified for upward departure because he did not admit the existence and nature of such part convictions during his hearing and sentencing.

9. He is actually innocent of the charges to which he pleaded.[4]

10. The Magistrate Judge did not compare the charges in the plea agreement to the charges in the indictment, and therefore, improperly advised him that he faced up to 25 years imprisonment instead of only 20 years imprisonment.[5]

ECF No. 1 at 10. For relief, Petitioner requests that his conviction be vacated, and that he be discharged from custody. ECF No. 1-3 at 2.

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws

---

[4] This allegation is raised in Petitioner's first amendment to his petition. ECF No. 12.
[5] This allegation is raised in Petitioner's second amendment to his petition. ECF No. 13.

7

of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000. However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34 (emphasis added).

Although Petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore he cannot satisfy the second element of Jones. Moreover, with the exception of his reference to Alleyne, Petitioner does not advance any argument that the substantive law has changed since his conviction.

In Alleyne v. United States, 133 S.Ct. 2151 (2013), a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum

sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013) (noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013); Butterworth v. United States, 775 F.3d 549 (1st Cir. 2015); United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Even if Alleyne were retroactively applicable, and even if it applied to cases decided by a plea agreement, it would have no bearing on Petitioner's sentence. First, Count Six of the Superseding Indictment [ECF No. 1-2 at 3] charged that he brandished a weapon in violation of 18 U.S.C. § 924(c)(1)(A)(ii), which requires a sentence of not less than seven years. In addition, Petitioner

signed a plea agreement in which he agreed to plead guilty to brandishing a firearm, which carried a minimum sentence of seven years. ECF No. 1-2 at 42-43. Accordingly, it is clear that Petitioner understood that as to Count Six, he faced a minimum sentence of seven years, which is what he received.

To the extent that Petitioner's sentence on Count Five may have been enhanced because of his prior convictions that does not violate the holding in Alleyne. The fact of his prior convictions is not an issue that had to be decided by a jury or admitted by Petitioner. In Apprendi, the Supreme Court specifically noted in its finding that "any fact (other than prior conviction) which increases the maximum penalty for a crime must be ... submitted to a jury." 530 U.S. at 476 (quoting Jones v. United States, 526 U.S. 227). That the fact of prior convictions need not be submitted to a jury was further explained in Almendez-Torres v. United States, 523 U.S. 224 (1998), where the Court affirmatively determined that the fact of a prior conviction may be determined by a sentencing judge. The Court in Alleyne specifically declined to reconsider or overrule Almendarez-Torres. 133 S.Ct. At 2160 n.1. Accordingly, Almendarez-Torres remains good law, and Alleyne is not applicable to the Petitioner's assertions with respect to his argument regarding an upward departure based on his prior convictions.

In addition, Petitioner's claim of actual innocence is not cognizable in this § 2241 petition. In order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[6] As previously noted, Petitioner is unable to do

---
[6] *See* Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. A freestanding claim of actual innocence is not cognizable in federal habeas corpus and

11

so.

Consequently, because Petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

## IV. RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the Petition [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that Petitioner's Motion for Evidentiary Hearing [ECF No. 14]; Motion to Discharge Petitioner for Lack of Jurisdiction and for Summary Judgment and/or Judgment on the Pleading [ECF No. 15]; and Motion for Appoint of Counsel [ECF No. 16] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the

---

such claim should be dismissed.

parties who appear *pro se* by certified mail, return receipt requested, and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: March 2, 2017

*/s/ Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE