**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**RICHARD MONTGOMERY,**

    Petitioner,

v.                                         **CIVIL ACTION NO.: 3:16-CV-56**
                                              **(GROH)**

**JOE COAKLEY,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Michael J. Aloi. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of an R&R. On March 2, 2017, Magistrate Judge Aloi issued his R&R, recommending that this Court deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Aloi's R&R were due within fourteen days after being served with a copy of the same. The Petitioner was served with the R&R on March 7, 2017, and timely filed objections.[1] The crux of the Petitioner's objections concerns a claim of actual innocence, which he argues entitles him to review of his § 2241 petition on the merits. He advises his plea agreement and transcripts reveal that he plead guilty to crimes not charged in the indictment. On the contrary, on July 19, 2012, the Petitioner plead guilty to Counts Five and Six of the superseding indictment. Judgment and Commitment, United States v. Montgomery, 5:08-CR-00387-OLG-1 (W.D. Tex. July 30, 2012), ECF No. 139. During the plea hearing, the magistrate judge found that there was a factual basis for the plea and that it was freely and voluntarily made. Memorandum and Recommendation, Montgomery, 5:08-CR-00387-OLG-1 (W.D. Tex. July 19, 2012), ECF No. 130. A review of the record in the Petitioner's Western District of Texas case does not substantiate his claim of actual innocence, but rather supports his underlying conviction for bank robbery and using a firearm during a crime of violence as charged in Counts Five and Six of the superseding indictment. Accordingly, the Court **OVERRULES** the objections.

As articulated by Magistrate Judge Aloi in the R&R, the Petitioner is not entitled to utilize § 2241 to assert his actual innocence claim. A § 2241 petition is appropriate when it "attacks . . . the execution of a sentence." Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (collecting cases); see also In re Vial, 115 F.3d 1192, 1994 n.5 (4th Cir. 1997). Alternatively, a petition is properly filed pursuant to § 2255 when it attacks the legality of

---

[1] The Court received, and has considered, both the Petitioner's original objections [ECF No. 23] on March 16, 2017, and amended objections [ECF Nos. 24, 25] on March 22, 2017.

a conviction or sentence. United States v. Hadden, 475 F.3d 652, 660 (4th Cir. 2007); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (collecting cases). In limited circumstances, a federal prisoner may bring his claim pursuant to § 2241 if he demonstrates that relief provided under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Here, the Petitioner attacks the legality of his conviction and sentence and has failed to meet the savings clause requirements as announced in Jones. See Jones, 226 F.3d at 333-34. Thus, a § 2255 petition is the proper mechanism with which to pursue his claim.

Upon consideration, and finding no error, the Court **ORDERS** Magistrate Judge Aloi's Report and Recommendation [ECF No. 20] **ADOPTED** for the reasons more fully stated therein. The Court **DENIES** and **DISMISSES** the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] **WITH PREJUDICE** and **DENIES** the Petitioner's motion for evidentiary hearing [ECF No. 14], motion to discharge and for summary judgment [ECF No. 15] and motion to appoint counsel [ECF No. 16] **AS MOOT**.

Because the instant petition seeks relief pursuant to § 2241, the Court makes no certificate of appealability determination in this matter.

The Court **DIRECTS** the Clerk to strike this case from the active docket, enter a separate judgment order in favor of the Respondent and mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** March 24, 2017

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE